NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ALEXANDRA FIGUEROA,

                        Civil Action No. 07-2813(SDW)

        Plaintiff,

  v.

                        OPINION

COMMISSIONER OF SOCIAL
SECURITY,                       June 10, 2008

        Defendant.

**WIGENTON, District Judge**

      Before the Court is Plaintiff Alexandra Figueroa's ("Plaintiff") appeal pursuant to 42 U.S.C. § 405(g) from the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), with respect to Administrative Law Judge's ("ALJ") denial of Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 1381-1383(c). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

      Plaintiff claims that the ALJ's decision was not supported by substantial evidence and therefore requires reversal, or alternatively, remand to the Commissioner for further proceedings. In opposition, Defendant argues that the ALJ's findings are supported by substantial evidence

and should be upheld.  The Court, having considered the parties' submissions and for the reasons set forth below, **REMANDS** Plaintiff's case to the ALJ for further consideration.

## I. Jurisdiction and Venue

The Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) and 5 U.S.C. § 706, as there has been a final decision by the Commissioner and the matter involves DIB and SSI claims.  Venue is proper pursuant to 28 U.S.C. § 1391(b).

## II. Factual Background

Plaintiff filed applications for DIB and SSI in July or August of 2003.  (*Compare* Pl.'s Br. at 1 ("The plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income benefits on August 20, 2003."), *and* ALJ's Decision at 1 ("On August 26, 2003, the claimant filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income."), *with* Def.'s Br. at 1 ("On July 25, 2003, plaintiff protectively filed concurrent claims for DIB and SSI.") (citation omitted).)  Plaintiff alleges she cannot work because she suffers from depression and schizophrenia.  (Pl.'s Br. at 14; Def.'s Br. at 2.)  Plaintiff is claiming disability beginning on July 1, 2002. (Pl.'s Br. at 1.)  Plaintiff began treatment for a mental condition at Christ Hospital in June of 2003 and underwent an independent mental status evaluation in March of 2004 with Dr. Roy.  (ALJ's Decision at 3-4.)  Dr. Roy indicated that Plaintiff's mood was depressed, but appeared to rule out paranoid schizophrenia and depression.  (*Id.* at 4.)  In October 2004, Dr. Buceta opined that Plaintiff suffered from a depressive disorder.  (*Id.*)  Dr. Hriso is the physician who most recently examined Plaintiff.  (*Id.*)  Dr. Hriso noted that Plaintiff was treated for her conditions, which

involved "a mood disorder with psychotic features and she was noted to be maintained on individual therapy and medication monitoring." (*Id.*)

Plaintiff's application with the SSA was denied initially and, again, on reconsideration on June 7, 2005. (*Id.* at 1.) Plaintiff then filed a timely appeal, and a disability hearing was conducted before the ALJ on September 20, 2006. (Pl.'s Br. at 2.) (Def.'s Br. at 2.) On November 17, 2006, the ALJ issued an unfavorable Decision, denying Plaintiff's SSI application. (ALJ's Decision at 1.) (Pl.'s Br. at 2.) (Def.'s Br. at 2.) The ALJ denied disability benefits to Plaintiff after determining that from the date of Plaintiff's application, to the date of the ALJ's Decision, November 17, 2006, "the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act." (ALJ's Decision at 7.) The ALJ also denied SSI to Plaintiff after determining that "the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act." (*Id.*)

Plaintiff claims that the ALJ's November 17, 2006 Decision was not based upon substantial evidence. (*Id.* at 13.) Consequently, Plaintiff has filed an action asking this Court to reverse the decision of the Commissioner and hold that Plaintiff is disabled as within the meaning of the SSA, or alternatively, to remand Plaintiff's claims to the Commissioner for reconsideration. (Pl.'s Br. at 1.)

### III.  Standard of Judicial Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).  The Court must affirm the Commissioner's decision only if it is "supported by substantial evidence." *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *see also* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Substantial evidence is "more than a mere scintilla of evidence but may be less than a preponderance." *Stunkard v. Sec'y of Health & Human Serv.*, 841 F.2d 57, 59 (3d Cir. 1988) (quoting *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979)).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  *See generally Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir. 1981).  Furthermore, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)).

In the determination of whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider the: "(1) objective medical facts; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as described by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background and work history." *Curtin v. Harris*, 508 F.Supp. 791, 793 (D.N.J. 1981) (citing *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972)).  When a medical opinion is consistent with other substantial evidence, it is given controlling weight.  20 C.F.R. §§ 416.927(c)(1), (d)(2) (2007).  However, if a medical opinion is either inconsistent with other evidence in the case or is internally inconsistent, the Commissioner will, "weigh all of the evidence [to decide] whether [the claimant] is disabled . . . ."  20 C.F.R. § 416.927(c)(2).  Furthermore, issues which are dispositive in deciding the claimant's eligibility for disability benefits will be decided by the Commissioner based on his role as an adjudicator, rather than

based on that of a physician's medical opinion. Soc. Sec. Rul. 96-5p (1996); 20 C.F.R. § 416.927(e).

However, the district court "cannot exercise [its] duty of review unless [it is] advised of the considerations underlying the action under review . . . ." *Cotter v. Sec'y of Health & Human Serv.*, 642 F.2d 700, 705 note 7 (3d Cir. 1981). Therefore, "the grounds upon which the administrative agency acted [must] be clearly disclosed and adequately sustained" before this Court can review the ALJ's decision. (*Id.*)

**IV. Discussion**

A. Standard for Determining Eligibility of Disability Benefits

An individual may be entitled to Social Security benefits upon a finding of disability by demonstrating that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also, e.g.*, 42 U.S.C. § 1382c(a)(3)(A); *see generally Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). A disabling impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An individual will be deemed to be disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in *any other kind of substantial gainful work* which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added).

In determining whether an individual is disabled, the Social Security Administration has established a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(1); *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). First, if the claimant is currently engaged in substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(a)(4)(i), (b). Second, if the claimant does not suffer from a "severe" impairment, she is not disabled. 20 C.F.R. § 404.1520(c). Third, if the claimant suffers from an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and the duration requirement is satisfied, she is automatically eligible for benefits. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d). However, if the claimant does not suffer from a listed impairment or its medical equivalent, the Commissioner will proceed to the next step. 20 C.F.R. § 404.1520(e). In step four, if the Commissioner finds that claimant retains the "residual functional capacity" to perform her past relevant work, she is not eligible for disability benefits. 20 C.F.R. § 404.1520(a)(4)(iv). Fifth, and finally, if the claimant, given her medical impairments, age, education, past work experience, and residual functional capacity, can perform other work that exists in significant numbers in the national economy, she is not disabled and is not entitled to benefits. 20 C.F.R. § 404.1520(a)(4)(v). The burden is on the claimant to prove the first four factors, but once the claimant has demonstrated that she is unable to perform her former job, the burden shifts to the Commissioner "who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability." *Burnett v. Comm'r of Sec. Admin.*, 220 F.3d 112, 118 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)).

With respect to the first two test prongs, the ALJ found and the parties do not dispute, that: (1) Plaintiff has not engaged in substantial gainful activity since July 1, 2002 (ALJ's

Decision at 3), and (2) she has suffered a severe impairment involving schizophrenia and depression that meets the CFR standard. (*Id.*) Consequently, this Court must consider (i) whether the ALJ properly determined, at step three, that Plaintiff's impairments did not meet or medically equal the criteria specified in the listing requirements in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*id.* at 5.); (ii) whether the ALJ properly determined, at step four, that Plaintiff was not disabled because she has the residual functional capacity ("RFC") "to perform a wide range of exertional work activities which do not involve more than simple repetitive tasks" (*id.*); and (iii) whether the ALJ properly determined, also at step four, that Plaintiff was not disabled because she is capable of performing past relevant work ("PRW"). (*Id.*) For the reasons set forth below, this Court finds that the ALJ's Decision should be more specific as to its findings and how they relate to the evidence in the record. Consequently, this case is remanded.

B.  The ALJ Failed to Sufficiently Substantiate the Decision that Plaintiff's Impairments Did Not Meet or Medically Equal the Listing Requirements

To automatically acquire SSI benefits, a claimant must suffer an impairment listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P, specifically the requirements of listing 12.00. *See* 20 C.F.R. §§ 404.1520 (a)(4)(iii), (d). In the present matter, Plaintiff must specifically meet the criteria of both paragraphs A and B (or just C) under §§ 12.03 and 12.04 before she can be determined disabled. 20 C.F.R. § 404 app. 1 §§ 12.03-.04.

Under step three, the Commissioner found that Plaintiff failed to meet her "burden to establish that her impairments were severe enough to satisfy the criteria of a Listed impairment." (Def.'s Br. at 9 (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).) Even if the Commissioner's finding in this instance is correct, the conclusory statements in the ALJ's

Decision are not explicitly supported by appropriate medical evidence. The ALJ's Decision seemingly acknowledges that the criteria listed in paragraph A for both §§ 12.03 and 12.04 have been met. (*See* ALJ's Decision at 4.) However, the ALJ's Decision indicates that the criteria under both paragraphs B and C have not been established by the Plaintiff. (*Id.*) The Decision explains that the former criteria have not been met because Plaintiff's mental impairments have been negated by the following facts:

> "[T]he claimaint experiences functional limitations of: very little limitations in activities of daily living, as she is raising her young children without difficulties, with various trips to and from school to drop them off and pick them up; she has mild to moderate limitations in maintaining social functioning, depending on the occasion, as she acknowledges maintaining a lasting friendship and activities within this friendship; she also has mild to moderate deficiencies of concentration, persistence or pace, depending upon her degree of irritability; and no episodes of decompensation." (*Id.*)

The proffered explanation as to why Plaintiff has not met the B criteria stated in §§ 12.03 and 12.04 does not meet the standard mandated by the Third Circuit in *Jones v. Barnhart*, which requires some sort of an "explanation of findings [that will] permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). The facts, namely that Plaintiff can drop off and pick up her children from school and has one friend, do not sufficiently explain how Plaintiff's "severe" impairments of schizophrenia and depression have not resulted in "marked restriction of activities of daily living; or marked difficulties in maintaining social functioning." 20 C.F.R. § 404 app. 1 §§ 12.03(B), 12.04(B). Since the ALJ's Decision seems to "advance[] a theory that no schizophrenic and no depressive having custody of children can be deemed presumptively disabled" (Pl.'s Br. at 16), and does not discuss how the aforementioned facts prove Plaintiff

8

does *not* have a "marked" restriction in either her daily living or social functioning, this Court cannot engage in meaningful judicial review of this aspect of the ALJ's Decision.

Moreover, the ALJ's Decision offers no explanation for the conclusion that "[a]s for the 'C' criteria, they have not been met." (ALJ's Decision at 4.) To reiterate, the "ALJ's bare conclusory statement that an impairment did not match, or is not equivalent to a listed impairment [is] insufficient." *Jones*, 364 F.3d at 505 (citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119-20 (3d Cir. 2000)). For example, Defendant, citing to the record, states that "[P]laintiff had no repeated episodes of decompensation," that "Plaintiff's psychiatric sources have never opined that a minimal increase in her mental demands or a change in her environment would cause [P]laintiff to decompensate," and that "[P]laintiff has never required a highly supportive living arrangement." (Def.'s Br. at 11 (citation omitted).) If these facts were the support the Commissioner and the ALJ relied upon to determine that Plaintiff had no disability under step three of the five-step sequential evaluation process, then this evidence should have been included in the ALJ's Decision.

The ALJ must compare the combined effect of all of Plaintiff's impairments with one or more of the Commissioner's listings in order to determine whether a claimant's impairment is "medically equal" to the listed impairments in 20 C.F.R. Part 404, Appendix 1, §§ 12.03 and 12.04. 20 C.F.R. § 404.1526(a). The ALJ's Decision merely states that "particular attention was given to the listings in section 12.00, but the specified criteria required of each listing failed to be demonstrated by the medical evidence." (ALJ's Decision at 5.) This Court cannot engage in any meaningful review of the ALJ's determination at step three because the determination is not sufficiently explained. *Cf. Burnett*, 220 F.3d at 119-20 ("Because we have no way to review the

9

ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning supporting a determination that [claimant's] 'severe' impairment does not meet or is not equivalent to a listed impairment.").

Each finding in the evaluation process must be supported by reasoned analysis to indicate the basis for that finding, and, "where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know that basis for the decision." *Cotter*, 642 F.2d at 705 (citation omitted). As a result of the unsubstantiated and conclusory statements in the ALJ's Decision, this Court cannot engage in any meaningful judicial review of the ALJ's step three analysis.

C.  The ALJ Erred by Evaluating Plaintiff's RFC without Articulating an Explanation for the RFC

At step four of the five-step evaluation, the Commissioner must first determine a claimant's RFC before deciding whether the claimant has the RFC to perform the requirements of her PRW.  20 C.F.R. § 416.920(e)-(f).  RFC is the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks.  20 C.F.R. § 416.945; Soc. Sec. Rul. 96-8p.  RFC must be determined upon consideration of all symptoms, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence.  Soc. Sec. Rul. 96-8p.  The ALJ must also consider medical opinions which are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what

[the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 416.927(a)(2).

Here, the ALJ determined that Plaintiff had the RFC to perform "a wide range of exertional work activities which do not involve more than simple repetitive tasks." (ALJ's Decision at 5.) The ALJ based this finding "on the objective medical evidence and the claimant's own credible testimony." (*Id*. at 6.) The ALJ further indicates that the "state agency physicians found that the claimant suffered no physical limitations and retained the ability to sustain persistence and pace, relate and adapt with some limitations and understand and remember even somewhat difficult instructions." (*Id.*)

While the ALJ may have considered all of the relevant medical opinions in the record in arriving at the determination of the Plaintiff's RFC, the ALJ's Decision failed to "discuss the [Plaintiff's] ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the [Plaintiff] can perform based on the evidence available in the case record." Soc. Sec. Rul. 96-8p (footnote omitted). The ALJ's Decision should have specifically indicated the Plaintiff's capabilities in the workplace, rather than merely concluding that she is capable of "simple, repetitive tasks." (ALJ's Decision at 6.) An appropriate analysis would have included a discussion of how much weight Plaintiff can carry, and for how long, and how long she can sit, stand, and walk in the course of a normal workday. Soc. Sec. Rul. 96-8p; *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).

Furthermore, the ALJ's Decision indicated that Plaintiff's assertion that she suffers from schizophrenia and depression is supported by the medical record. (ALJ's Decision at 5.)

However, the ALJ found that the Plaintiff's statements regarding the "intensity, persistence and limiting effects of these symptoms" is not supported by the objective record. (*Id.*)  This type of conclusory statement is contrary to the standard set forth in the Social Security Rulings. *See* Soc. Sec. Rul. 96-8p ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").  In the ALJ's Decision, there is no discussion of which objective medical evidence was used as the basis for this decision.  The Decision fails to set forth specifically what in the record contradicts Plaintiff's claims of severity of her symptoms leaving this Court unable to review the ALJ's determinations regarding this prong of step four of the five-step sequential analysis.

D.  The ALJ Erred by Determining Plaintiff is Capable of PRW without Comparing the Tasks of Past Work Performance with Plaintiff's RFC

Under the second prong of step four, the ALJ determined Plaintiff "can return to [her] past work activity" sewing school bags. (ALJ's Decision at 6.) (*See also* ALJ's Decision at 3; 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), 416.920(f).)   However, the ALJ's Decision does not discuss any medical opinions of physicians who evaluated Plaintiff to substantiate this determination. (ALJ's Decision at 6.)  Furthermore, the ALJ fails to state what the Plaintiff was required to do in her PRW of "sewing school bags," and further fails to explain *how* the evidence demonstrates the Plaintiff's ability to resume such work.  Since the ALJ's Decision fails to compare Plaintiff's PRW with her RFC, the ALJ's reliance on the fact that Plaintiff "cares for three children and maintains a regular friendship with a neighbor" (*id.* at 5.) as a sufficient basis that she can continue to work is unsubstantiated.  Due to the failure to substantiate the conclusion that

12

Plaintiff can continue her previous work activity, this Court cannot engage in meaningful judicial review of the ALJ's decision.

## V. Conclusion

For the foregoing reasons, the matter will be **REMANDED** to the ALJ for the limited purpose of reconsideration consistent with this Opinion. On remand, the ALJ shall further explain his findings at steps three and four of the five-step evaluation process. Additionally, the ALJ should make specific findings as to both the physical and mental demands of Plaintiff's PRW.

An Order follows.

                                                **S/Susan D. Wigenton, U.S.D.J**

cc:  Judge Madeline Cox Arleo, U.S.M.J.